Economy Cash and Carry Cleaners, Inc., *et al.*, v.
Florida Dry Cleaning & Laundry Board

190 So. 31
Opinion Filed June 20, 1939

*E. F. P. Brigham, Sibley, Giblin & Schroeder,* and *Whit-
field & Whitfield,* and *Harry Wells,* for Appellants;

*George Couper Gibbs,* Attorney General, and *Lawrence*

*Truett,* Assistant Attorney General, *Hoffman & Robinson* and *Walsh, Beckham & Ellis,* for Appellees.

*George Holt,* as *Amicus Curiae.*

PER CURIAM.—This case is before us pursuant to our mandate of May 9th, 1939, being recalled for the purpose of entering a proper judgment herein.

On April 21, 1939, we filed and entered our opinion and judgment in the case of Florida Dry Cleaning & Laundry Board, an instrumentality of the State of Florida, v. Economy Cash & Carry Cleaners, Inc., *et al.* In that case we reversed an order of the Circuit Court of Dade County granting a temporary injunction against the appellant. See opinion filed on that date.

The appeal in this case was from an order entered by the Circuit Court of Dade County enjoining the appellants herein and others from operating except in compliance with the orders of Florida Dry Cleaning & Laundry Board, fixing prices and upon payment of licenses required. After naming the defendants the order, *inter alia,* was: "be and each of them are, until the further order of this Court, hereby enjoined and restrained from further engaging in or operating or conducting the laundry or dry cleaning business in any of its branches or departments in Dade County, Florida, after December 18th, 1938, unless all license fees required and specified under Section 7 of Chapter 17894, Laws of Florida, Acts of 1937, for the license year beginning September 1st, 1938, have been paid to the Florida Dry Cleaning and Laundry Board, on or before December 18th, 1938, together with any and all other unpaid license fees due said Board.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after December 18th, 1938, and until the further order of this Court, the above named defendants, and each of them,

are hereby commanded and required to comply with and abide by all the terms and provisions of the rules and regulations of said Board, promulgated and put into effect by said Board in and for the trade area known as Dade County, Florida, and specifically set forth in orders numbered 5, 2, 25, and 26, heretofore filed in the office of the Secretary of State at Tallahassee, Florida; and the said defendants, and each of them are, until the further order of this Court, hereby enjoined and restrained from further engaging in, operating or conducting, after December 18th, 1938, the laundry or dry cleaning business in any of its branches or departments in Dade County, Florida, until and unless the conduct and operation of such business or businesses be strictly in conformity and compliance with the aforesaid rules and regulations of said Board as set out in said numbered Board orders.

"It Is Further Ordered, Adjudged and Decreed that this order shall become effective according to its terms without the posting by plaintiff of any bond whatsoever, it appearing to this Court that plaintiff is an instrumentality of the State of Florida, and is not required to give bond before the issuance of this injunctive order, or as a condition precedent to the effectiveness thereof.

"Done and Ordered at Miami, Dade County, Florida, this 15th day of December, A.D. 1938."

On the showing made we cannot hold the Circuit Court in error in making that Order and, therefore, it must be affirmed.

We call attention, however, to our opinion, *supra,* which was filed herein on April 21, 1939, in which we said and held:

"Survival of the fittest may be the law of the jungle but it is not the law of Constitutional Democracies where Chris-

tian rather than Pagan ethics are dominant. Constitutional interpretation is actuated by the rule of reason and to hold that the legislature is powerless to correct social and economic abuses because of constitutional barriers is placing an interpretation on the Constitution that is devoid of basis for support and converts that instrument into a hurdle and an obstruction rather than a shield of defense.

"The order below is accordingly reversed as to the temporary restraining order but with directions to permit amendment of the pleadings if necessary and to ascertain whether or not the orders and prices fixed by the Board do unfairly discriminate against complainants and, if so found, decree accordingly, said decree to determine the classification and the amount of the licenses that complainants should be required to pay."

On authority of what has been quoted and what was held in that opinion, we now hold that the defendants may, if they can, in this case show that the orders and prices fixed by the Board do unfairly discriminate against the complainants and, if so found, decree may be entered accordingly and that in such decree it shall be determined the classification and the amount of the licenses that the complainants should be required to pay.

The constitutional writ heretofore issued by this Court requiring the defendants to comply with order appealed from is now vacated.

So ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.